IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF DELAWARE



Nathan L. Guinn
    Plaintiff
      V.
Warden Thomas A. Carroll
    Defendant(s)

\* \* \* \* \* \* \* \*

06 - 3

FILED

JAN - 3 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Memorandum of Law in Support of Petition Under 28 U.S.C § 2254 For Writ of Habeas Corpus by a Person in STATE CUSTODY

The Plaintiff, Nathan L. Guinn, pro-se, moves this Honorable Court pursuant to Habeas Relief, to reverse his conviction on the charges of:

1) Possession with the intent to deliver a narcotic schedule II controlled substance

2) Possession of a narcotic schedule II controlled substance within 300' of a church

3) Possession of drug paraphenelia

Based on the errors of law and constitutional violations as stated in the attached petition for writ of Habeas Corpus. This is the Plaintiff's written Memorandum of Law in support of his relief request.

Case History & Procedural Issues

The record in Plaintiff's case shows that he was initially indicted on 4 charges.

Defendant was found guilty by jury of 3 of the charges which were:

1) Possession with the intent to deliver a narcotic schedule II controlled substance.

2) Possession of a narcotic schedule II controlled substance within 300´ of a church

3) Possession of drug paraphanelia

Subsequent to plaintiff's conviction, on May 13, 2003, defendant was sentenced to a total period of 16.9 year of incarceration. Thereafter, plaintiff filed a timely motion for direct appeal in the Supreme Court on December 16, 2003, which was denied on February 11, 2004. On the 28th of June, 2004 the plaintiff filed a pro se motion for post-conviction which was denied on January 26, 2005 and affirmed on September 7, 2005. This is his petition for Habeas Corpus. Plaintiff's petition is predicated upon claims of Ineffective Assistance of Counsel and Abuse of Discretion, wherein he maintains that he has been deprieved of substantial, fundamental constitutional rights. Plaintiff states that this is the petition appropriate to remedy his conviction and will demonstrate that his case does meet a standard of "Prejudice amounting to manifest injustice". Whereby, this Court should exercise its duty to correct the manifest injustice done in his case, and set aside the judgement of conviction and/or grant him a new trial. Strickland v. Washington, 104 S.Ct. 2052 (U.S. Fla. 1984), Miranda v. Arizona, 86 S.Ct. 1602, 384 U.S. 436, (U.S. Ariz. 1966) Rhode Island v. Innis, 100 S.Ct. 1682, 442 U.S. 291 (U.S.R.I. 1980) United States v. Gray, 878 F.2d 702 (3rd Cir, 1989)

(1)

Ground One

I. Trial Counsel rendered ineffective assistance by refusing to interview or supoena a witness who confessed to ownership of contraband found on Plaintiff

STANDARD AND SCOPE OF REVIEW

ARGUMENT

Following a mistrial stemming from a conflict of interest issue involving the Plaintiff's original Attorney, Robert Harpster. Plaintiff was granted a new trial and given a new defense Attorney, Ms. Sondra W. Dean. (A-1 through A-4) At plaintiff's second trial he requested that Ms. Dean contact an alibi witness named Samuel Ingram, who's statements were excluded from testimony of trial on December 20, 2002 (A-2., No. 21) This request was denied.

In ruling on a petition alleging ineffective assistance of counsel, a direct violation of the Sixth Amendment, the Court must decide whether the Plaintiff has engaged in the two part analysis enunciated in Strickland v. Washington, 466 U.S. 668 (1984) and adopted by the Delaware Supreme Court in Albury v. State, 551 A.2d 53 (Del. Supr. 1988)

The Strickland test requires the Plaintiff to show that Counsel's errors were so grievous that her performance fell below an objective standard of reasonableness. Second, under Strickland the Plaintiff must show there is a reasonable degree of probability that but for counsel's unprofessional error, the outcome of the proceedings would have been different, that is actual prejudice. Strickland v. Washington

In the case under review, the purported witness, Mr. Ingram was interviewed by a private investigator, Robert B. Truitt, Sr. (A-44 through A-46), who

(2)

supplied the Plaintiff's original attorney with the address and phone number where said witness could be reached as well as a memorandum containing corroborating statements from said witness. (A-45) These statements confirm the claims of affidavits, one signed as early as July 31, 2002. (A-47,48) In the plaintiff's second trial, his new Counsel, Ms. Dean, refused to call or interview this witness; despite his confessions. This disregard of exculpatory evidence denied the plaintiff the fundamental right of effective assistance of counsel. In a trial using a defense of simple possession, how can disregarding a line of defense that shows innocense be considered sound trial strategy. Not calling this witness may not conclude the presumption that had this witness been called to testify that the outcome of his trial been different, but the plaintiff argues that the significance of the chance of the jury reaching a different conclusion had said witness testified should not only warrant this claim to be re-evaluated, but grant a new trial.

As the record shows this issue was denied on post-conviction and affirmed in the Delaware Supreme Court, due to the following reasons:

(1) It is said that the witness changed his story, denying ownership of the cocaine. The plaintiff argues that this was due to fear of self-incrimination.

(2) Plaintiff was said to had been content proceeding to his first trial without said witness. This was not true.

(3) Ms. Dean took all reasonable steps to serve this witness for trial.

The Plaintiff denies these allegations claiming that further investigation of the record shows that:

(1) The witness never denied lending the jean shorts to plaintiff, never informing him of the cocaine enclosed in the small watch pocket of the shorts.

(A-49)

(3)

(2) Plaintiff requested a continuance, which was granted due to witnesses failure to appear. Showing that if plaintiff was content to proceed to trial. without said witness. Why would he request a continuance. (A-49)

(3) Ms. Dean can not be said to have tried to contact or supoena said witness as the record proves that as in his affidavit, (A-48) he was never attempted for an interview. Two supoenas were issued by counsel; but neither of them where to said witness. (A-42, 43)

The plaintiff asks this Court if his reluctance or persistance to proceed in his first trial without this witness eliminate on re-trial his ability or his new Counsel's responsibility to investigate and at least call or interview this potential exculpatory witness to at least make a personal evaluation of what information this witness had, especially when it presented an alibi for her client, even if she later decided not to put him on the stand? U.S. v. Gray, 878 F.2d 702 (U.S.C.A. 3rd Cir. 1989)

In Sullivan v. Fairman, 731 F.2d 450 (U.S.C.A 7th Cir. 1984), the case had to be remanded for further proceedings on petitioner's claim that he was denied his constitutional rights to effective assistance of counsel, in which like the case at hand consideration had to be given to affidavits containing admittedly exculpatory statements from persons whom, due to trial Counsel's alleged incompetence, trial Counsel failed to even interview. Similarly, other Circuits agree that the failure to conduct a reasonable investigation constitutes deficient performance. The Third Circuit has held that "[I]n-effectiveness is generally clear in the context of complete failure to invest-igate because Counsel can hardly be said to have made a strategic choice when s/he [sic] has not yet obtained the facts on which such a decision could be made." See U.S. v. Gray. Counsel has the duty to interview potential witnesses and to make an independant investigation of the facts and

(4)

circumstances of the case. <u>Nealy v. Cabana</u>, 764 F.2d 1173, 1177 (5th Cir. 1985)

In the present case, even if said witness changed his story, his testimony was subject to cross-examination by the State. So, as it stands, without the full testimony of Mr. Ingram being revealed, it is impossible to determine if the jury would have believed it or not.

Counsel's failure to interview this witness should be troublesome. Had the witness been at least interview by counsel her decision not to call him might be protected from an ineffective assistance claim as a tactical decision, but her complete failure to investigate a corroborating witness, however, can hardly be considered a tactical decision. As the Court noted in <u>Strickland v. Washington</u>, "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>104 S.Ct. at 2066</u>

Plaintiff contends that the <u>Cause and Prejudice</u> test of Strickland is clear in the instance that:

(1) Counsel's failure to pursue a exculpatory line of defense in failing to interview an alibi witness, fell well below an objective standard of reasonableness.

(2) The chance that had witness been called to trial the outcome been different is significant enough to show a reasonable degree of probability that but for Counsel's unprofessional error, the outcome of the proceedings would have been different, that is, actual prejudice.

(3) Refusing to call this witness violated the Sixth Amendment of the United States Constitution as well as Article I § 7 of the Delaware Constitution.

Ground Two

II. Trial Counsel was ineffective by failing to call recess or seek a continuance when arresting Officer did not show up to testify at Suppression Hearing.

## STANDARD AND SCOPE OF REVIEW

The Standard and Scope of Review is ineffective assistance of counsel

## ARGUMENT

The Sixth Amendment guarantees the right of essential effective assistance of counsel. As previously stated, the Plaintiff must engage in the two part Cause and Prejudice analysis enunciated in Strickland v. Washington and in Albury v. State

As the record shows, this issue was denied in the lower Courts, in which it was concluded that there was no suggestion that the arresting Officer's testimony would have assisted the defense in any way, nor would the outcome been different had he testified at the Suppression Hearing held on May 7, 2003. The Plaintiff adamantly disagrees, and his provided this Court with testimonial evidence of the arresting Officer, Paul Kuntzi, from his Preliminary Hearing held on August 2, 2002, (A-7 through A-10) substantiating his claims that the incriminating statements admitted in trial, were admitted illegally. It is clear that:

(1) Plaintiff was in custody at the time the statements were made, (A-14) and (2) Although the arresting Officer did not formally interview the Plaintiff, he did initiate a conversation by asking questions without Miranda ever been given. (A-9) Anything said in this conversation should have been inadmissible.

Plaintiff contends that Counsel was well aware that the rights of her client were being denied as due process allows a right of Confrontation as guaranteed by the Sixth and Fourteenth Amendments. It is clear because Counsel made a comment about the situation at the Hearing. (A-28, 29) She was aware that the arresting Officer had not shown up to testify at hearing and Watts could not conclusively testify to what may or may not have been said or done by the arresting Officer during arrest, conclusively. Why Counsel did not request a recess or continuance to have the State produce the testimony of Officer Kuntzi is ineffective when it was clear that it is or was essential to prove Plaintiff's claims. The cross-examination of Douglas Watts was clearly unconclusive. (A-19 through A-25)

In the present case, Plaintiff had a "Right" to confront the key witness at the hearing, to have certain questions propounded to him which if asked would have established cause for the suppression of unfavorable statements.

Counsel did in fact argue the admissibility of these statements, citing <u>Rhode Island v. Innis</u>, 100 S.Ct. 1682, 442 U.S. 291 (U.S.R.I. 1980), which was denied on May 12, 2003, finding that nothing Kuntzi would have said at the hearing would have changed the outcome. The plaintiff disagrees and contends that had Kuntzi testified the findings of the Court would have been different when he admitted initiated conversation with the plaintiff.

Counsel's representation fell below an objective standard when she knew that the trial Court abused its discretion, violating the plaintiff right to the 'Confrontation Clause'. Eliminating the substantial chance that the outcome been different had the unfavorable statements been suppressed.

Ground Three

III. Trial Court abused its discretion by denying the
   Plaintiff's motion for suppression of unfavorable
   statements made when no Miranda Warnings
   were ever given nor did arresting Officer
   show up to testify at Suppression Hearing.

STANDARD SCOPE OF REVIEW

The Standard and Scope of Review is Abuse of Discretion

ARGUMENT

The Confrontation Clause of the Sixth and Fourteenth Amendments
guarantees the right of an accused person in a criminal prosecution "to
be confronted with the witnesses against him". The right of confrontation,
which is secured for defendants in state as well as federal criminal
proceedings "means more than being allowed to confront the witness
physically." Indeed the main essential purpose of confrontation is to secure
for the opponent the opportunity of cross-examination. Pointer v Texas, 380
U.S. 400 85 S.Ct. 1065, 13 L.Ed 2d. 923 (1965) and Davis v. Alaska, 415
U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed. 2d 347 (1974)

   To determine the voluntariness of a statement, the question must be
in each case "whether the defendant's will was "overborne" at the time
the statements were made. In fact if the defendant's will was over-
borne, or if the statement was not the product of rational and intelligent
free will, it was not voluntarily made because it was coerced.

   In ruling on a motion for Suppression of unfavorable statements, when
Miranda Warnings are not administered, the State has the burden to present

(8)

evidence that shows it was a lawfully-taken statement or an admissible statement. Miranda v. Arizona, 86 S.Ct. 1602, 384 U.S. 436 (U.S. Ariz. 1966)

The facts of the case at bar can be clearly distinguished from cases where the Court has upheld convictions when Miranda Warnings were not read prior to defendants making incriminating statements. The difference being that:

(1) Defendants were not in custody

(2) Defendants initiated the conversations when statements were made, thus making them voluntary.

Such as in Smallwood v. State, 813 A.2d 1141, 2002 WL 31883015 (Del. Supr. 2002) were Smallwood motioned for the Officer guarding his hospital room to enter and made an incriminating statement. Similarly, in the case of DeJesus v. State, 655 A.2d 1180, 1190 (Del. Supr. 1995), DeJesus' confinement in hospital was cause only by his own physical incapacity. Officer did not handcuff or impede the defendant's release from hospital when voluntary statements were made.

In the case at bar it is undisputed that the Plaintiff was in custody at the time the statements were made, (A-14) the issue is that the arresting Officer's testimony was paramount in a Suppression Hearing that was issued to find out whether or not he intiated a conversion with the Plaintiff. Watts testified that the Plaintiff was never questioned by himself or Kuntzi. (A-19) when in fact the preliminary transcripts show that not only had Kuntzi initiated the conversation between himself and the Plaintiff, but he even indulged in a conversation with the very witness the Plaintiff claims through Counsel's ineffectiveness was never interviewed or supoena'd for trial. (A-7 through A-10)

There is simply insufficient evidence that shows that the Plaintiff recieved his due process right to confront the arresting Officer or that he knowingly, intelligently, or voluntarily waived his Miranda Warnings Rights, because when you are never read such rights, how can you knowingly waive them? This issue should be re-evaluated in the interest of justice, because the Trial Judge was not aware of the evidence of the preliminary transcripts.

## CONCLUSION

For the reasons cited in the foregoing petition, Plaintiff's conviction must be reversed.


Nathan L. Guinn, pro-se
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977


Dated: December 28, 2005