## AGGRAVATING-MITIGATING

**STATE OF DELAWARE**
      **VS.**
**NATHAN L GUINN**
**DOB: 09/30/1980**
**SBI: 00280879**

                  CASE NUMBER:
                    0207018218

### AGGRAVATING
PRIOR VIOLENT CRIM. ACTIVITY
LACK OF AMENABILITY
NEED FOR CORRECTIONAL TREATMENT
CUSTODY STATUS AT TIME OF OFFENSE
LACK OF REMORSE
REPETITIVE CRIMINAL CONDUCT
UNDUE DEPRECIATION OF OFFENSE

**APPROVED ORDER**    7    June 30, 2003 11:06

56

IN THE SUPREME COURT OF THE STATE OF DELAWARE

NATHAN GUINN,                          :
                                       :
           Defendant Below-            :
           Appellant,                  :
                                       :
      v.                               :    No.  52, 2005
                                       :
STATE OF DELAWARE,                     :
                                       :
           Plaintiff Below-            :
           Appellee.                   :

STATE'S MOTION TO AFFIRM

Pursuant to the provisions of Del. Supr. Ct. R. 25(a), the State of Delaware moves to affirm the Kent County Superior Court's January 26, 2005 Order (Exhibit A) adopting the Commissioner's December 3, 2004 Report and Recommendations (Exhibit B) and denying Nathan L. Guinn's *pro se* motion for post-conviction relief (Exhibit C) on the ground that it is manifest on the face of Guinn's Opening Brief that this appeal is without merit because the issues are controlled by settled Delaware law and, to the extent that judicial discretion is involved, clearly there was no abuse of discretion. In support of this Motion to Affirm, the State represents, as follows:

1.   After a two day jury trial in the Kent County Superior Court Nathan L. Guinn was found guilty on May 13, 2003 of possession with intent to deliver cocaine, possession of a narcotic Schedule II

controlled substance within 300 feet of a church, and possession of drug paraphernalia, and he was sentenced on June 25, 2003 to 36 years imprisonment, suspended after 16 years 9 months for decreasing levels of probation. (Exhibit A at 1). On direct appeal, this Court on February 11, 2004 affirmed Guinn's convictions. Guinn v. State, 841 A.2d 1239 (Del. 2004). In his direct appeal Guinn argued that the contraband drug evidence was not properly authenticated and that there was insufficient evidence to prove the possession with intent to deliver cocaine allegation. Id. at 1240-42.

2. Guinn on June 28, 2004 filed a pro se motion for post-conviction relief alleging improper prosecutorial argument, failure of the trial judge to instruct the jury to disregard the prosecutor's allegedly improper closing arguments, and ineffective assistance at trial and on direct appeal. (Exhibit B at 4-5; Exhibit C at 3). Former defense counsel on July 27, 2004 filed an Affidavit in response to Guinn's post-conviction relief allegations. (Exhibit D). The Superior Court on January 26, 2005 properly denied Guinn's post-conviction relief motion as procedurally barred under the provisions of Del. Super. Ct. Cr. R. 61(i)(3 and 4).

3. Guinn's first two post-conviction relief claims deal with the contraband drug evidence authentication issue that was previously adjudicated on direct appeal. Guinn, 841 A.2d at 1240-41. Those claims are now procedurally barred by Del. Super. Ct. Cr. R. 61(i)(4), and Guinn has not demonstrated that reconsideration is warranted in the interest of justice. This Court is not required to

2

reconsider claims that are merely refined or restated. *See* Riley v. State, 585 A.2d 719, 721 (Del. 1990); Younger v. State, 580 A.2d 552, 556 (Del. 1990). Similarly, because Guinn has failed to brief either of these two contentions on appeal, his first two post-conviction relief claims may now be considered abandoned. *See* Somerville v. State, 703 A.2d 629, 631 (Del. 1997); Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993).

4. Guinn has also abandoned his third and fourth post-conviction claims of ineffective assistance of counsel (Exhibit B at 5) by failing to brief either of those contentions on appeal. *Id.*

5. Guinn's two remaining claims of ineffective assistance by his trial counsel in not seeking a continuance of the pretrial suppression hearing when the arresting officer did not appear and in allegedly failing to interview a potentially exculpatory trial witness, Samuel Ingram, while briefed on appeal were also properly rejected by the trial court in the first instance for failing to satisfy the two prong test for ineffective assistance of counsel announced in Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984). That is, Guinn has failed to show that trial counsel's actions fell below an objective standard of professional reasonableness, or that but for counsel's alleged deficiencies there is a reasonable probability of a different outcome of his 2003 jury trial. Guinn's conclusory allegations are insufficient to sustain either contention. *See* Gattis v. State, 697 A.2d 1174, 1178 (Del. 1997). As pointed out by the Superior Court Commissioner, there is

3

no indication that police officer Paul Kuntzi could have assisted the defense at the suppression hearing or that Samuel Ingram would testify that the crack cocaine found in the trousers Guinn was wearing belonged to him.   (Exhibit B at 12-13).   Accordingly, Guinn has failed to establish ineffective assistance by his trial counsel in either instance.

WHEREFORE, the January 26, 2005 Superior Court Order denying post-conviction relief must be affirmed.

John Williams
Deputy Attorney General
Delaware Bar I.D. No. 365

Delaware Department of Justice
102 West Water Street
Dover, Delaware 19904-6750
(302) 739-4211 (ext. 263)

DATE:   June 7, 2005

4

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE,        )
                          )
                          )    IK02-08-0082-R1
v.                        )    IK02-08-0083-R1
                          )    IK02-08-0085-R1
NATHAN L. GUINN,          )
ID No. 0207018218         )
                          )
            Defendant.    )

## O R D E R

On this 26th day of January, 2005, upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

(1)    The defendant, Nathan L. Guinn, was found guilty by a jury on May 13, 2003 to one count of Possession of Cocaine with Intent to Deliver, one count of Delivery of Cocaine within 300 feet of a Church, and one count of Possession of Drug Paraphernalia. The defendant was sentenced on June 25, 2003 to thirty-six years in prison, suspended after serving sixteen years and nine months for varying levels of probation.

(2)    The defendant filed a timely Notice of Appeal and the Delaware Supreme Court affirmed his conviction and sentence. Guinn then filed a motion for postconviction relief.

(3)    The matter was referred to the Court Commissioner for findings of fact and recommendation pursuant to 10 *Del. C.* § 512(b) and Superior Court Civil Rule 132. The Commissioner has filed a Report and Recommendation recommending that the Court deny defendant's motion for postconviction relief. No objections to



*State v. Nathan L. Guinn*
**ID No. 0207018218**
January 26, 2005

the Report have been filed.

**NOW, THEREFORE**, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated December 3, 2004,

**IT IS ORDERED** that the thoughtful and well-reasoned Commissioner's Report and Recommendation is adopted by the Court and defendant's Motion for Postconviction Relief is ***denied*** as procedurally barred by Rule 61(I)(3) and 61(I)(4) for failure to prove cause and prejudice and as previously adjudicated.

_____
Resident Judge

WLW/dmh
oc:   Prothonotary
xc:   Hon. Andrea M. Freud
        Dennis Kelleher, Esquire
        Sandra W. Dean, Esquire
        Mr. Nathan L. Guinn, DCC
        Order Distribution (w/Report & Recommendation)
        File

2

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **v.** | ) | IK02-08-0082-R1 |
| | ) | IK02-08-0083-R1 |
| **NATHAN L. GUINN** | ) | IK02-08-0085-R1 |
| | ) | |
| Defendant. | ) | |
| ID. No.  0207018218 | ) | |

Dennis Kelleher, Esq., Deputy Attorney General, Dover, Delaware, for the State of Delaware.

Nathan L. Guinn, *pro se*.

## COMMISSIONER'S REPORT AND RECOMMENDATIONS

### Upon Defendant's Motion For Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

FREUD, Commissioner
December 3, 2004

On May 13, 2003 the Defendant, Nathan L. Guinn ("Guinn") was found guilty by a jury of one count of Possession of Cocaine with Intent to Deliver, 16 *Del. C.* § 4751; one count of Delivery of Cocaine within 300 feet of a Church, 16 *Del. C.* § 4768; and one count of Possession of Drug Paraphernalia, 16 *Del. C.* § 4771.  A *nolle prosequi*  was entered by the  State prior to trial on an additional



EXHIBIT B

*State v. Guinn*
ID No. 0107003146A
December 2, 2004

count of Possession of Cocaine. On June 25, 2003 the Court sentenced Guinn to thirty-six years in prison, suspended after serving sixteen years and nine months, for varying levels of probation.

Prior to trial, defense counsel filed a Motion to Suppress Defendant's statements to the police following their search. The Court denied the motion.[1] Guinn's counsel filed a Motion for Reduction of Sentence on July 14, 2003. On July 17, 2003, a timely Notice of Appeal was filed. On August 11, 2003, this Court deferred its ruling on Guinn's Motion for a Reduction of Sentence until after the return of the Mandate from the Supreme Court. On appeal, Guinn's counsel claimed the Court abused its discretion by 1) admitting into evidence the purported cocaine found on Guinn during his arrest and 2) by denying Guinn's Motion for Judgment of Acquittal on the Possession with Intent charge. The Supreme Court affirmed Guinn's conviction and sentence.[2] On April 23, 2004, this Court denied Guinn's Motion for Reduction of Sentence.[3] Next, Guinn filed the pending postconviction motion in which he raises six grounds for relief, including ineffective assistance of counsel.

---

[1]    *State v. Guinn*, Del. Super., ID 0207018218, Witham, J. (May 13, 2003).

[2]    *Guinn v. State*, 841 A.2d 1239 (Del. 2004) (per curiam).

[3]    *State v. Guinn*, Del. Super., ID 0207018218, Witham, J. (April 23, 2004).

2

64

*State v. Guinn*
ID No. 0107003146A
December 2, 2004

## I. FACTS

The following is a summary of the facts as noted by the Supreme Court in its

opinion:

On the evening of July 27, 2002, probation officer Douglas Watts and
City of Dover Police Officer Paul Kuntzi were patrolling as part of the
Operation Safe Streets program in Dover, Delaware. While they were
driving toward the intersection of Reed and South New Streets, they
observed Guinn walking toward their car. Because Guinn was out past
his probation curfew and was wanted for an outstanding capias, the
officers stopped Guinn near the Holy Trinity Church and placed him
in handcuffs while they searched him.

During his search of Guinn's cargo pants, Officer Kuntzl discovered
$424 cash, a piece of suspected crack cocaine, and a small screw-
driver. Guinn claimed that the pants he was wearing did not belong to
him, but he did not identify the owner of the trousers. Guinn also
initially claimed that the $424 of cash belonged to his girlfriend, but he
later told the police that the cash belonged to someone else who had
been accompanying him while he was walking down the street that
evening.

After his detention and search, Guinn was taken into custody. Officer
Kuntzi placed the drug evidence (the suspected crack cocaine) into an
envelope and deposited the envelope in the secured evidence locker at
the Dover police station. The substance seized from Guinn was later
analyzed by a forensic chemist, who determined, in October 2002, that
the substance consisted of 2.45 grams of crack cocaine. The police
also photographed the cash that had been seized from Guinn, which

3

65

*State v. Guinn*
ID No. 0107003146A
December 2, 2004

consisted of one $100 bill, one $50 bill, six $20 bills, and five $10 bills, plus assorted $5 and $1 bills.

After being tested, the cocaine was then returned to the Dover Police Department, and was placed in an envelope that remained in a secure locker until December 16, 2002. At that time, the envelope was removed from the locker, the cocaine was removed from the envelope, and the evidence was examined by Guinn's former counsel. After the December 16, 2002 inspection, the drugs were not returned to the evidence envelope. Two days later, however, Robert Neylan, a Dover Police Department evidence technician, located the drugs in the same Dover Police station conference room in which the inspection had occurred two days earlier. The drugs were on the same blue folder in which they had been placed two days before. There was no evidence that the cocaine had been tampered with.

Guinn was convicted at the conclusion of his trial, at which he elected not to testify.[4]

## II. GUINN'S CONTENTIONS

In his motion for postconviction relief, Guinn asserts the following grounds for relief:

Ground one:        Prosecutorial Misconduct
During closing arguements (sic) Prosecutor Dennis Kelleher gave jury improper instructions, misstated the law, which in turn misled them, (the jury) and gave them illegal means to convict the Defendant. (See Memorandum of Law)

---

[4]        *Guinn,* 841 A.2d at 1240.

4

66

*State v. Guinn*
**ID No. 0107003146A**
December 2, 2004

Ground two:        Abuse of Discretion by Trial Judge
Trial Judge neglected to instruct jury to disregard Prosecutor's improper closing arguements (sic) (see Memorandum of Law).

Ground three:        Ineffective Assistance of Counsel
Trial Counsel refused to seek mistrial to give Defendant a fair trial due to the conflict of interest of having a witness directly involved in the case act as advocate for trial. (See Memorandum of Law)

Ground four:        Ineffective Assistance of Counsel
Trial Counsel denied Defendant the right to confront witness. Prosecutor Dennis Kelleher was involved in incident at Dover Police station when evidence suddenly became misplaced. Defendant had the right to supoena (sic) this witness, but was refused by Trial Counsel. (See Memorandum of Law)

Ground 5:        Ineffective Assistance of Counsel
Trial Counsel failed to seek continuance at his suppression hearing, or require that Court produce at hearing the arresting Officer in his case who was needed since person testifying could not remember incidents at time of arrest. (See Memorandum of Law)

Ground 6:        Ineffective Assistance of Counsel
Trial Counsel failed to conduct any type of investigation of the facts in Defendant's case or interview potential witness' (sic) who would have taken the stand in Defendant's defense. (See Memorandum of Law)

Guinn also alleged he did not raise issues one and two on Appeal due to the ineffectiveness of his counsel.

5

67

*State v. Guinn*
**ID No. 0107003146A**
December 2, 2004

## III.  PROCEDURAL CONSIDERATIONS

Under Delaware Law the Court must first determine whether Guinn has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[5]    Under Rule 61, postconviction claims for relief must be brought within three years of the conviction becoming final.[6] Guinn's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion.   As this is Guinn's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates:  (1) cause for relief from the procedural fault and (2) prejudice from a violation of the movant's rights.[7] The bars to relief are inapplicable to a jurisdictional challenge or to a colorable claim or miscarriage of justice stemming from a constitutional violation that

---

[5]    *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)); see *Dawson v. State,* 673 A.2d 1186, 1190 (Del. 1996).

[6]    Super. Ct. Crim. R. 61(i)(1).

[7]    Super. Ct. Crim. R. 61(i)(3).

6

68

*State v. Guinn*
**ID No. 0107003146A**
December 2, 2004

"undermined the fundamental legality, reliability, integrity or fairness of the proceeding leading to the judgment of conviction."[8]

All of Guinn's claims are premised on allegations of ineffective assistance of counsel. Guinn has therefore seemingly alleged sufficient cause for not having asserted these grounds for relief at trial and on direct appeal. These types of claims are not normally subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Guinn, allege ineffective assistance of counsel in order to overcome the procedural default.

However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards.[9] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not "conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance"; [i]neffective assistance of counsel then is cause for a procedural default.[10]

---

[8]    Super. Ct. Crim. R. 61(i)(5).

[9]    *State v. Gattis*, 1995 WL 790961, at *3 (Del. Super.).

[10]    *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

7

69

*State v. Guinn*
**ID No. 0107003146A**
December 2, 2004

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[11] and adopted by the Delaware Supreme Court in *Albury v. State*.[12]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[13] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[14] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[15]

---

[11]     466 U.S. 668 (1984).

[12]     551 A.2d 53 (Del. 1988).

[13]     466 U.S. at 687; *see Dawson*, 673 A.2d at 1190.

[14]     466 U.S. at 694; *see Dawson*, 673 A.2d at 1190; *Accord, e.g., Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Ayers v. State,* 802 A.2d 278, 281 (Del. 2002); *Steckel v. State,* 795 A.2d 651, 652 (Del. 2002); *Johnson v. State,* 813 A.2d 161, 167 (Del. 2001); *Bialach v. State,* 773 A.2d 383, 387 (Del. 2001); *Outten v. State,* 720 A.2d 547, 552 (Del. 1998); *Skinner v. State,* 607 A.2d 1170, 1172 (Del. 1992); *Flamer v. State,* 585 A.2d 736, 753 (Del. 1990); *Riley v. State,* 585 A.2d 719, 726 (Del. 1990).

[15]     *E.g., Outten,* 720 A.2d at 552; *Righter v. State,* 704 A.2d 262, 264 (Del. 1997); *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997); *Skinner v. State,* 1994 WL 91138 (Del. (continued...)

*State v. Guinn*
ID No. 0107003146A
December 2, 2004

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[16] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[17] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[18] Furthermore, the defendant must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight" when viewing that representation.[19]

In the case at bar, Guinn attempts to show cause for his procedural default by making merely conclusory assertions of ineffectiveness of counsel. In regards to

---

[15](...continued)
Supr.); *Brawley v. State*,. 1992 WL 353838 (Del. Supr.); *Younger v. State*, 580 A.2d 552, 556 (Del. 1990); *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989). *Accord Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991).

[16]     466 U.S. at 687.

[17]     *Id*. at 697.

[18]     *State v. Gattis*, 1995 WL 790961, at *4 (Del Super).

[19]     466 U.S. at 689; *Dawson*, 673 A.2d at 1190; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

9

*State v. Guinn*
ID No. 0107003146A
December 2, 2004

prejudice, Guinn fails in each of his claims to specify what specific prejudice he suffered as a result of his counsel's alleged ineffectiveness. Under the circumstances of the case, Guinn's allegations are meritless. These failures are fatal to Guinn's Rule 61 petition and should result in summary dismissal for each of his ineffective assistance of counsel claims.[20] The Supreme Court found no error in the trial.

I will briefly address each of Guinn's arguments. His first two claims both deal with Guinn's contention that the Prosecutor made improper remarks during closing and the Court's failure to instruct the jury on this issue. Guinn claims his attorney did not raise these issues at trial or on appeal. Guinn is however mistaken. The record clearly indicates that Guinn's trial counsel did in fact object during the trial to the Prosecutor's closing arguments. The Prosecutor cited to the case of *State v. Seward*[21] to bolster his argument. Defense counsel distinguished *Seward* and the Court proceeded to direct the Prosecutor to clarify his argument based on *Seward*. It is well settled under *Seward* that the State need not produce drug evidence as long as there is are sufficient facts from which a jury could reasonably conclude the substance seized was in fact cocaine.[22] In this

---

[20]    *See, e.g. Wright* 671 A.2d at 1356; *Wright v. State,* 1992 WL 53416 (Del. Supr.); *Brawley v. State,* 1992 WL 353838 (Del. Supr.)

[21]    723 A.2d 365 (Del. 1999)

[22]    *Id.*

10

*State v. Guinn*
ID No. 0107003146A
December 2, 2004

case, the State did establish a proper chain of custody as noted by the Supreme Court in its opinion.[23]  Therefore, it is clear that despite Guinn's argument, his first two claims were in fact raised and have been previously adjudicated.

Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[24]  Guinn raised these claims before and this Court and the Supreme Court both found them meritless. Guinn has made no attempt to argue why reconsideration of this claim is warranted in the interest of justice.  The interest of justice exception of Rule 61(i)(4) has been narrowly defined to require that the movant show that the "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him.[25]  Guinn has made no attempt to demonstrate why his claims should be revisited.  This Court is not required to reconsider Guinn's claim simply because it is "refined or restated."[26]  For this reason, Guinn's first two  grounds for relief should be dismissed as previously adjudicated under Rule 61(i)(4).

---

[23]     *Guinn*, 841 A.2d at 1241.

[24]     Super. Ct. Crim. R. 61(i)(4).

[25]     *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996); *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990).

[26]     *Hill v. State*, 2000 WL 1177628, at *2 (Del. Supr.) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990).

*State v. Guinn*
**ID No. 0107003146A**
December 2, 2004

In his third and fourth grounds for relief, Guinn claims his counsel was ineffective for not requesting a mistrial and for failing to call the Prosecutor as a witness. As Defense counsel points out in her Affidavit, there was no evidence or testimony that the Prosecutor did anything other than observe when the cocaine was examined by the Petitioner's original counsel, Mr. Harpster. Further, Mr. Harpster was called as a defense witness. The facts surrounding the examination of the evidence were fully developed and calling further witnesses would not have served any purpose. Defense counsel cannot, therefore be considered ineffective nor has Guinn demonstrated any prejudice. This claim is meritless.

In his fifth ground for relief, Guinn claims his counsel was ineffective for failing to require the attendance of Officer Paul Kuntzi at the Suppression hearing. As Defense counsel points out, Probation Officer Douglas Watts testified at the Suppression hearing. Based on his testimony, the Court allowed the admission of the Defendant's statements. There is no suggestion that Officer Kuntzi would have assisted the Defense in any way. There is no suggestion that the outcome would have been any different had the witness been called. This ground for relief is meritless.

In his final contention, Guinn claims that trial counsel was ineffective in her investigation and preparation of the case for trial. Specifically, he claims that two witnesses should have been subpoenaed for the trial. The Affidavit of trial counsel clearly demonstrates that she took all reasonable steps to serve the witness for trial.

12

74

*State v. Guinn*
**ID No. 0107003146A**
December 2, 2004

Additionally, the witness, Mr. Ingraham, who had purportedly supplied an Affidavit claiming ownership of the drugs, informed the Petitioner's prior counsel that he did not have knowledge of them and the Petitioner was content to proceed to trial without him. Clearly Guinn has failed to show either cause or prejudice as to this claim and as such it is meritless.

## IV. CONCLUSION

After reviewing the record in this case, it is clear that Guinn has failed to avoid the procedural bars of Rule 61(i). Consequently, I recommend that Guinn's postconviction motion be *denied* as procedurally barred by Rule 61(i)(3) and 61(i)(4) for failure to prove cause and prejudice and as previously adjudicated.

Commissioner Andrea M. Freud

ds
oc:    Prothonotary
cc:    Hon. William L. Witham, Jr.
       Dennis Kelleher, Esq.
       Sandra W. Dean, Esq.
       Nathan L. Guinn, DCC
       File

13

75

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR ___KENT___ COUNTY

STATE OF DELAWARE

V.

___Nathan L. Guinn___
Name of Movant on Indictment

___Nathan L. Guinn___
Correct full name of Movant

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

No. ___0306018218___

EN JUN 28 PM 1:11

KENT COUNTY
PROTHONOTARY

RECEIVED
AND
FILED

## MOTION FOR POSTCONVICTION RELIEF

### INSTRUCTIONS

(1)    This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury.

(2)    All grounds for relief and supporting facts must be included, and all questions must be answered briefly in the proper space on the form.

(3)    Additional pages are not permitted.  If more room is needed, use the reverse side of the sheet.

(4)    No citation of authorities is required.  If legal arguments are submitted, this should be done in a separate memorandum.

(5)    Only convictions that were included in the same plea agreement or were tried together may be challenged in a single motion.

(6)    When the motion is completed, the original must be mailed to the Prothonotary in the county in which the judgment of conviction was entered.  No fee is required.

(7)    The motion will be accepted if it conforms to these instructions.  Otherwise, it will be returned with a notation as to the deficiency.

### MOTION

1.    County in which you were convicted ___KENT___

2.    Judge who imposed sentence ___Honorable William L. Witham___

3.    Date sentence was imposed ___June 25, 2003___

EXHIBIT C



4.     Offense(s) for which you were sentenced and length of sentence(s):

1) PWITD NC II CS (Cocaine) 30 years level 5, suspended for 16 years at V

2) Poss. 300 park, 5 years level 5, suspended for 9 months at V, 6 month at IV.

3) Poss. Drug Para; 1 year level 5 suspended for 6 months level 2

5.     Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?    YES _____    NO __✓__

If your answer is "yes" give the following information:

Name and location of court(s) which imposed the other sentence(s).

_____

_____

N/A

Date sentence(s) imposed: _____

Length of sentence(s): _____

6.     What was the basis for the judgment/s of conviction? (check one)
   (  ) Plea of guilty
   (  ) Plea of guilty without admission of guilty  (Robinson Plea)
   (  ) Plea of nolo contendere
   (✓) Verdict of jury
   (  ) Finding of judge  (nonjury trial)

7.     Judge who accepted plea or presided at trial _Honorable William L. Witham, Jr._

8.     Did you take the witness stand and testify?  (check one)
   No trial (  )    Yes (  )    No ( ✓ )

9.     Did you appeal from the judgment of conviction?    YES ✓    NO_____

If your answer is "yes" give the following information:
   Case number of appeal _Del. Supr., No. 350, 2003_
   Date of court's final order or opinion _February 11, 2004_

10.     Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion/s or petitions/s seeking relief from the judgment/s in state or federal court?   Yes (✓)   No (  )     How many? ( 1 )

If your answer is "yes", give the following information as to each:
   Nature of proceeding/s _Motion for Reduction or Modification of Sentence (Rule 35)_

_____

   Grounds raised _Relief requested under "House Bill 210" passed June 30, 2003, which rendered 15 year mandatory sentences excessive._

_____

   Was there an evidentiary hearing? _No_
   Case number of proceeding/s _Del. Supr., No. 350, 2003 (I.D.# 0207018218)_
   Date/s of court's final order/s or opinion/s _April 23, 2004_
Did you appeal the result/s? _No_

77

Give the name of each attorney who represented you the following stages of the proceedings relating to the judgment/s under attack in this motion:

At plea of guilty or trial _Sandra W. Dean, Esg._

On appeal _Sandra W. Dean, Esg._

In any postconviction proceeding _Sandra W. Dean, Esg._

12. State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground/s which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy, illegal detention, arrest, or search and seizure, coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial, denial of the right to confront witnesses, to subpoena witnesses, to testify, to ineffective assistance of counsel, suppression of favorable evidence, or unfulfilled plea agreement.

Ground one: _Prosecutorial Misconduct_

Supporting Facts: (state facts briefly, without citing cases)
_During closing arguements Prosecutor Dennis Kelleher gave jury improper instructions, misstated the law, which in turn misled them, (the jury) and gave them illegal means to convict the Defendant. (See Memorandum of Law)_

Ground two: _Abuse of Discretion by Trial Judge._

Supporting Facts: (state facts briefly, without citing cases)
_Trial Judge neglected to instruct jury to disregard Prosecutor's improper closing arguements (See "Memorandum" of Law)_

Ground three: _Ineffective Assistance of Counsel_

Supporting Facts: (state facts briefly, without citing cases)
_Trial Counsel refused to seek mistrial to give Defendant a fair trial due to the conflict of interest of having a witness directly involved in the case act as advocate at trial. (See Memorandum of Law)_

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason/s for not doing so: _Ground One and Two of this motion were not raised during trial proceeding due to counsel ineffectiveness (See Memorandum of Law)_

Wherefore, movant asks this court to grant him all relief to which he may be entitled in this proceeding.

I declare the truth of the above under penalty of perjury.

Date _6-23-04_

Signature of Movant

7 8

## Certificate of Service

I, *Nathan L. Guinn*, hereby certify that I have served a true and correct cop(ies) of the attached: *Motion for Post-Conviction Relief* upon the following parties/person (s):

TO: Prothonotary's Office  
Kent County Superior Court  
Kent County Courthouse  
38 The Green  
Dover, DE 19901

TO: _____  
_____  
_____  
_____  
_____

TO: _____  
_____  
_____  
_____  
_____

TO: _____  
_____  
_____  
_____  
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this *23rd* day of *June*, 2004

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE,                     *
                                       *
      Plaintiff,                     *
                                       *
V.                                     *        IK 02-08-0082 R1
                                       *            thru
NATHAN L. GUINN,                       *        IK 02-08-0085 R1
                                       *
      Defendant.                     *        0207018218

AFFIDAVIT OF SANDRA W. DEAN, ESQUIRE, IN ANSWER TO:

MOTION FOR POSTCONVICTION RELIEF

1.  I am a member of the Delaware Bar, having been admitted on December 13, 1990.

2.  This affidavit is being filed pursuant to an Order of Commissioner Andrea Maybee Freud dated June 30, 2004 that I respond to the Defendant's allegations on or before August 6, 2004.

3.  The Defendant alleges the following grounds for his assertion of ineffective assistance of counsel:

It is noted that the Defendant alleges that I was ineffective due to failure to raise objections related to "Ground One - Prosecutorial Misconduct" and "Ground Two - Abuse of Discretion by Trial Judge."  Therefore I will answer regarding Grounds One and Two in this Affidavit.

**Ground One**:  That the Prosecutor mis-stated the law in closing argument; is denied.

First, it is noted that Mr. Guinn's Exhibit B-8 through B-15 is missing, several pages of the rebuttal closing argument.  The entire argument, pages 120 through 133 is attached as Exhibit "A".

On page 122, I made an objection based on the prosecutor's arguable mis-statement of the

EXHIBIT D

80



law (page 123). The prosecutor cited State v. Seward (page 124) and I distinguished our case from Seward (pages 125-126). The Court (page 130) directed the prosecutor to clarify his argument to the jury. The prosecutor did so (pages 131-133). There was no mis-statement of the law and any confusion was clarified. It should be noted that the authenticity and admission of the cocaine in this case was the primary issue of our Appeal to the Delaware Supreme Court.

**Ground Two:**    That the Judge neglected to instruct the jury to disregard prosecutor's improper closing arguments, is answered above under "Ground One".

**Ground Three:** That I "was ineffective due to refusal to seek a mistrial to give Defendant a fair trial due to the conflict of interest of having a witness directly involved in the case act as advocate at trial" is denied.

After trial, Mr. Guinn requested a Motion for a New Trial due to his assertion that the prosecutor should have been disqualified because he was present at the police station during the viewing of the evidence, after which the evidence was not returned to the evidence locker. There was no evidence whatsoever that the prosecutor ever touched the evidence or was involved in any manner whatsoever in handling of the evidence. Nothing in this case raised any question as to the prosecutors honesty or trustworthiness.

**Ground Four:** That I was ineffective for failure to subpoena the prosecutor, is denied and is answered above under "Ground Three."

**Ground Five**:   That I was ineffective in regard to the Suppression Hearing, for failure to "require the Court to produce the arresting officer" is denied.

The arresting officer in this case was Officer Paul Kuntzi. A motion was filed to suppress statements made by the Defendant. A Suppression Hearing was held on May 7, 2003 (Exhibit "B"). The State called as its witness Officer Doug Watts who was present when the statements were made. *Miranda* warnings were not given and the Defendant was not formally questioned. The basis of the Motion was that the Defendant had been subjected to the functional equivalent of questioning.

Officer Watts testified (page 10-13 of Exhibit "B") to what Kuntzi said and what the Defendant said during the arrest. He could not recall exactly what he and Kuntzi said to each other. The State has the burden of proof and I brought to the Court's attention that the State had not produced Kuntzi (page 22-23 of Exhibit "B"). There was no reason to believe that if the defense called Kuntzi, Kuntzi would have testified to anything helpful to Mr. Guinn or to anything which would have made the outcome different.

**Ground Six**:   That I was ineffective by failing to conduct an investigation or interview potential witnesses, is denied.

Attached as Exhibit "C" are the following:

    1. Reference *Samuel Ingram*.

        (1) Statement dated July 31, 2002.
        (2) Subpoena for Ingram for December 17, 2002.
        (3) Memorandum from former Attorney, Robert Harpster, reference his interviews with Mr. Ingram and Mr. Guinn on December 17, 2002.

2. Reference *Kimkeshia Harber.*

    (1) Investigator's Memorandum dated September 24, 2002 regarding both Kimkeshia Harber and Samuel Ingram.

    (2) Letter to Ms. Harber dated November 8, 2002.

    (3) Memorandum dated December 16, 2002.

    (4) Subpoena's for Ms. Harber for December 17, 1002, March 3, 2003 and April 8, 2003. She failed to appear on any date.

Respectfully submitted,

*Sandra W. Dean*

Sandra W. Dean, Esquire
Assistant Public Defender
Office of the Public Defender
The Sykes Building - 45 The Green
Dover, DE 19901

SWORN TO AND SUBSCRIBED by me the date and year aforesaid.

Notary Public/Attorney At Law

ATTORNEY AT LAW
WITH POWER TO ACT
AS NOTARY PUBLIC
PER 29 DEL C 4323 (A) (9)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

NATHAN GUINN                     :
                                 :
         v.                      :  No.   52, 2005
                                 :
STATE OF DELAWARE                :


### AFFIDAVIT OF MAILING


COUNTY OF KENT          :
                        :  SS:
STATE OF DELAWARE       :


BE IT REMEMBERED that on this 7th day of June, 2005, personally appeared before me, a Notary Public in and for the County and State aforesaid, Mary Darling, known to me personally to be such, who after being duly sworn did depose and state:

(1)  That she is employed as a legal secretary in the Department of Justice, 102 West Water Street, Dover, Delaware.

(2)  That on June 7, 2005, she did deposit in the mail, two copies of the attached State's Motion to Affirm, properly addressed to Nathan L. Guinn, SBI No. 00280879, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.


*Mary Darling*
_____


SWORN TO and subscribed
before me the day aforesaid.

*Jo Ann Morris*
_____
Notary Public

84