IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATHAN L. GUINN, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civ. Act. No. 06-3-SLR |
| : | |
| THOMAS L. CARROLL, : | |
| Warden, and CARL C. DANBERG, : | |
| Attorney General for the State of Delaware, : | |
| : | |
| Respondents. : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In July 2002, the petitioner, Nathan L. Guinn, was arrested and subsequently indicted on charges of possession with intent to deliver cocaine, possession of cocaine within 300 feet of a church, possession of cocaine, and possession of drug paraphernalia. *See Guinn v. State*, 882 A.2d 178, 180 (Del. 2005). A trial was held in December 2002, but a defense request for a mistrial was granted on the second day of trial. *Id.* After a second trial in May 2003, a Delaware Superior Court jury found Guinn guilty of possession with intent to deliver, possession within 300 feet of a church, and possession of drug paraphernalia. *Id.* Guinn was later sentenced to an aggregate of thirty-six years in prison, suspended after sixteen years and nine months for probation. *Id.* In July 2003, Guinn moved for reduction or modification of sentence. *See* Del. Super. Ct. Crim. Dkt. Item 44. On February 11, 2004, the Delaware Supreme Court affirmed Guinn's conviction and sentence on direct appeal. *Guinn v. State*, 841 A.2d 1239 (Del. 2004). In April 2004, Guinn's motion for reduction or modification of sentence was denied. *See* Del.

Super. Ct. Crim. Dkt. Item 59. Guinn then applied *pro se* for state postconviction relief under Superior Court Criminal Rule 61. *See* Del. Super. Ct. Crim. Dkt. Item 60. Superior Court denied the motion and Guinn appealed. *See Guinn v. State*, 882 A.2d 178 (Del. 2005). The Delaware Supreme Court affirmed the decision of the Superior Court on September 7, 2005. *Id.*

Facts

As detailed by the Delaware Supreme Court, *Guinn*, 841 A.2d at 1239, the facts leading to Guinn's arrest and conviction are as follows:

> On the evening of July 27, 2002, probation officer Douglas Watts and City of Dover Police Officer Paul Kuntzi were patrolling as part of the Operation Safe Streets program in Dover, Delaware. While they were driving toward the intersection of Reed and South New Streets, they observed Guinn walking toward their car. Because Guinn was out past his probation curfew and was wanted for an outstanding capias, the officers stopped Guinn near the Holy Trinity Church and placed him in handcuffs while they searched him.
>
> During his search of Guinn's cargo pants, Officer Kuntzi discovered $424 cash, a piece of suspected crack cocaine, and a small screwdriver. Guinn claimed that the pants he was wearing did not belong to him, but he did not identify the owner of the trousers. Guinn also initially claimed that the $424 of cash belonged to his girlfriend, but he later told the police that the cash belonged to someone else who had been accompanying him while he was walking down the street that evening.
>
> After his detention and search, Guinn was taken into custody. Officer Kuntzi placed the drug evidence (the suspected crack cocaine) into an envelope in the secured evidence locker at the Dover police station. The substance seized from Guinn was later analyzed by a forensic chemist, who determined, in October 2002, that the substance consisted of 2.45 grams of crack cocaine. The police also photographed the cah that had been seized from Guinn, which consisted of one $100 bill, one $50, six $20 bills, and five $10 bills, plus assorted $5 and $1 bills.
>
> After being tested, the cocaine was then returned to the Dover Police Department, and was placed in an envelope that remained in a secure locker until December 16, 2002. At that time, the envelope was removed from the locker, the cocaine was removed from the envelope, and the evidence was examined by Guinn's former counsel. After the December 16, 2002 inspection, the drugs were not returned to the evidence envelope.

2

Two days later, however, Robert Neylan, a Dover Police Department evidence technician, located the drugs in the same Dover Police station conference room in which the inspection had occurred two days earlier. The drugs were on the same blue folder in which they had been placed two days before. There was no evidence that the cocaine had been tampered with.

Guinn was convicted at the conclusion of his trial, at which he elected not to testify.

## Discussion

In his petition for federal habeas relief, Guinn raises four grounds for relief: (1) his trial counsel rendered ineffective assistance of counsel by refusing to interview or subpoena a witness who allegedly confessed to ownership of the cocaine found in Guinn's possession (D.I. 2 at 6); (2) his trial counsel was ineffective because he failed to seek a continuance when the arresting officer did not appear at the suppression hearing (D.I. 2 at 7); (3) the trial court abused its discretion by admitting into evidence Guinn's statements that had been given without *Miranda* warnings (D.I. 2 at 9); and (4) the cocaine was inadmissible because of a flaw in the cahin of custody (D.I. 2 at 11).

*Claim 1 & 2 – Ineffective assistance of counsel*

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). Guinn presented his claims of ineffective assistance of trial counsel for failure to interview a potential witness and failure to seek a continuance os the suppression hearing to the Delaware Supreme Court on appeal from the denial of his state postconviction motion, thus exhausting this claim. *See Smith v. Digmon*, 434 U.S. 332, 333-34

3

(1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Guinn's claim, however, does not provide a basis for relief.

Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir. 2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual

4

grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). *See also Williams*, 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

The clearly established federal law which governs ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). In *Strickland*, the United States Supreme Court articulated a two-part test for evaluating an ineffective assistance of counsel claim. First, a petitioner must demonstrate that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In evaluating whether counsel performed reasonably, a court "must be highly deferential." *Id.* at 689. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation omitted). Second, a petitioner must illustrate that counsel's ineffective performance caused prejudice. See *Strickland*, 466 U.S. at 687. The Third Circuit has stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (citing *Strickland*, 466 U.S. at 668); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In this case, the Delaware state courts correctly identified the two-prong *Strickland* standard applicable to Guinn's ineffectiveness claims. Thus the state supreme court's denial of the claims was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406.

Moreover, the state courts reasonably applied the rule to the specific facts of Guinn's case. *See* 28 U.S.C. § 2254(d)(1). In the first instance, Guinn asserts that his attorney refused to

interview or subpoena Samuel Ingram for Guinn's second trial. Samuel Ingram had been contacted by the investigator in preparation for Guinn's first trial, corroborating Guinn's contention that he was wearing someone else's pants when stopped by police. *See* D.I.4 at A44-46. Ingram, however, did not appear as scheduled at Guinn's first trial. And when questioned by Guinn's first defense counsel[1] as to his potential trial testimony, Ingram indicated that he had no knowledge of the cocaine found in the pants Guinn was wearing. *See* D.I. 4 at A49. Further, Guinn indicated to his counsel at the first trial that he did not want Ingram to testify, but would rather proceed with a defense that was consistent with simple possession. *See id.* Based on that record, the state court found that Guinn failed to establish that his lawyer for the second trial, who had access to the defense file from the first trial, was unreasonable in not interviewing Ingram prior to the second trial. *See Guinn*, 882 A.2d at 181-82. Further, Guinn failed to establish any prejudice because Ingram had indicated that his testimony would not assist in Guinn's defense. Thus, the state court's determination that Guinn had not demonstrated that his counsel was constitutionally ineffective was not an unreasonable application of the *Strickland* framework.

Next, Guinn complains that his counsel was ineffective when she failed to seek a continuance because one of the arresting officers was not present to testify at the suppression hearing. Guinn asserts that Officer Kuntzi would have testified that he initiated a conversation with Guinn. D.I. 3 at 7. As a result, Guinn argues that his statements would have been suppressed. The state court found nothing in the record to indicate that Kuntzi's testimony would have altered the outcome of the suppression hearing. *Guinn*, 882 A.2d at 182. At the suppression hearing, Officer Watts testified concerning Guinn's arrest. Watts testified that he

---

[1] Guinn was represented by different attorneys at his two trials.

was standing within two feet of Kuntzi and Guinn during the search incident to Guinn's arrest. D.I. 4 at A22. Watts stated that Kuntzi did not ask Guinn to whom the crack cocaine belonged, and Watts believed that Guinn was not questioned. D.I. 4 at A19. As noted by the state supreme court, Kuntzi had previously testified at Guinn's preliminary hearing that he had "[j]ust asked him what he was doing out and what was going on. I didn't interview him and read him his Miranda rights or anything like that." *Guinn*, 882 A.2d at 182 n.15 (quoting the preliminary hearing transcript); *see* D.I. 4 at A9. Guinn did not establish in the state courts that Kuntzi would testify any differently at the suppression hearing than he did at the preliminary hearing. Consequently the state court reasonably found that Guinn had failed to establish either prong of the *Strickland* test as to this claim. This claim should be dismissed.

*Claim 3 – suppression of Guinn's statements*

In a related claim, Guinn contends that the trial court erred by denying the motion to suppress his un-Mirandized statements. D.I. 3 at 8-10. Although Guinn exhausted his claim by presenting it to the state supreme court on appeal from the denial of his state postconviction motion, his claim is nonetheless unavailing. After finding that a petitioner has exhausted state remedies, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). As to this claim, Guinn did not comply with state procedural requirements. Guinn presented this claim in his postconviction motion, but he had not presented the issues on direct appeal. Under Superior Court Criminal Rule 61(i)(3), any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the petitioner shows cause for the procedural default and actual prejudice. Applying Rule 61(i)(3), the Delaware Supreme Court found that

7

"the record reveals neither cause for Guinn's failure to raise the claim on direct appeal nor prejudice as a result of the alleged error." *Guinn*, 882 A.2d at 182 (footnote omitted). Further, the court noted that Guinn had not made a colorable claim of miscarriage of justice to warrant consideration of his claim. *Id.* Guinn, having failed to comply with Criminal Rule 61(i)(3), failed to comply with the relevant state procedural requirements. *See Lawrie v. Snyder*, 9 F. Supp.2d 428, 451 (D. Del. 1998); *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1087-88 (D. Del. 1993) (finding that Criminal Rule 61(i)(3) is an adequate state ground to preclude federal habeas review), *aff'd*, 68 F.3d 710 (3d Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1088 (1996). Thus, federal habeas review of these claims is barred unless Guinn establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v. Snyder*, 988 F. Supp. 783, 804-05 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982); *Dawson*, 988 F. Supp. at 804-05. Guinn has not alleged cause for his failure to raise this issue on direct appeal in the first instance and his claim can be dismissed on that basis alone. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 501 (D. Del. 2003).

*Claim 4 – Drug evidence*

Finally, Guinn complains that the trial court abused its discretion by admitting into evidence the cocaine that had been found in the police conference room. D.I. 2 at 11. This claim, although exhausted,[2] does not present a federal constitutional issue that may be reviewed in a habeas corpus proceeding. State court evidentiary rulings implicate federal constitutional law only where they infringe on a particular constitutional right of the petitioner. *See Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Riley v. Harris*, 277 F.3d 261, 310 n.8 (3d Cir. 2001); *Mundy v. Snyder*, 2002 WL 1285547, *3 (D. Del. June 10, 2002). "It is a well-established principle that evidentiary errors of state courts are not considered to be of constitutional proportion, cognizable in federal habeas corpus proceedings, unless the error deprives a defendant of fundamental fairness in his criminal trial." *Bisaccia v. Attorney General of State of N.J.*, 623 F.2d 307, 312 (3d Cir. 1980) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-43 (1974); *United States* ex rel. *Perry v. Mulligan*, 544 F.2d 674, 678 (3d Cir. 1976); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). The establishment of a chain of custody for admitting evidence is a question of state law which does not form the basis of constitutional error for federal habeas review. *Scott v. Jones*, 915 F.2d 1188, 1190 (8th Cir. 1990). A sufficient chain of custody was established to find that there was a reasonable probability that the crack cocaine introduced at trial was the crack cocaine found in Guinn's pants. *See Guinn*, 841 A.2d at 1241. Thus, this state law claim should be dismissed.

---

[2] Guinn presented this claim to the Delaware Supreme Court on direct appeal from his conviction. *See Guinn*, 841 A.2d at 1240-41.

9

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Guinn's preliminary hearing (Aug. 2, 2002), excerpts of witness testimony from the first trial (Dec. 18 & 19, 2002), suppression hearing (May 7, 2003), trial (May 12-13, 2003), and sentencing (June 25, 2003) have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: May 5, 2006

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Michael McKinley MUNDY, Petitioner,
v.
Robert SNYDER, Warden, and Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 00-69-GMS.**

June 10, 2002.

*MEMORANDUM AND ORDER*

SLEET, J.

*1 Following a jury trial in the Delaware Superior Court, Michael McKinley Mundy was convicted of unlawful sexual intercourse, kidnaping, and possession of a deadly weapon during the commission of a felony. Mundy is presently serving his sentence of twenty-nine years at the Delaware Correctional Center in Smyrna, Delaware. He has filed with the court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as an amendment to his petition, asserting two claims for relief. For the reasons set forth below, the court concludes that Mundy's claims are procedurally barred from federal habeas review, and will deny the petition and the requested relief.

I. BACKGROUND

On March 17, 1997, a Delaware grand jury charged Michael Mundy with unlawful sexual intercourse in the first degree, two counts of attempted unlawful sexual intercourse in the second degree, two counts of kidnaping in the first degree, and possession of a deadly weapon during the commission of a felony. The indictment alleged that on February 4, 1997, Mundy twice attacked the same victim, struck her, attempted to force her to engage in sexual intercourse, and forced her to perform oral sex while he was brandishing a stick. At trial, evidence was offered to show that the victim escaped the first attack only to be attacked a second time just a few blocks away. On November 18, 1998, a Superior Court jury found Mundy guilty of first degree unlawful sexual intercourse, one count of first degree kidnaping, and possession of a deadly weapon. The jury found Mundy not guilty of the remaining charges. The Superior Court sentenced Mundy on January 30, 1998, to twenty-nine years in prison followed by a period of probation. The Delaware Supreme Court affirmed Mundy's conviction. *Mundy v. State,* No. 86, 1998, 1998 WL 991235 (Del. Dec. 30, 1998).

On July 8, 1999, Mundy filed in the Superior Court a motion for trial transcripts, which the Superior Court denied. *State v. Mundy,* No. 9702002522 (Del.Super.Ct. July 15, 1999). Mundy appealed from the Superior Court's denial of his request for transcripts, but the Delaware Supreme Court dismissed the appeal for lack of jurisdiction. *Mundy v. State,* No. 347, 1999, 2000 WL 975111 (Del. Aug. 5, 1999). Mundy then filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. Again he asked the Superior Court for trial transcripts at no cost, but the Superior Court denied his request. *State v. Mundy,* No. 9702002522 (Del.Super.Ct. Jan. 7, 2000).

While his Rule 61 motion was pending, Mundy filed in this court the current petition for federal habeas relief raising a single claim of prosecutorial misconduct. (D.I.2.) Before the respondents filed an answer, Mundy amended his petition to challenge the Superior Court's denial of his requests for trial transcripts. (D.I.6.) Subsequently, the Superior Court denied Mundy's Rule 61 motion. *State v. Mundy,* No. 9702002522, 2001 WL 914022 (Del.Super.Ct. July 30, 2001). The Delaware Supreme Court affirmed the denial of postconviction relief. *Mundy v. State,* No. 400, 2001, 2002 WL 87720 (Del. Jan. 18, 2002).

*2 Mundy's amended petition for federal habeas relief is now before the court.

II. EXHAUSTION AND PROCEDURAL DEFAULT

Pursuant to the federal habeas statute:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

Case 1:06-cv-00003-SLR    Document 12    Filed 05/05/2006    Page 12 of 16

Not Reported in F.Supp.2d                                                                                                     Page 2
Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). Although a state prisoner is not required to "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Boerckel,* 526 U.S. at 845, 848. A claim raised in a federal habeas petition has been fairly presented if it is "the substantial equivalent of that presented to the state courts" and if the state court has "available to it the same method of legal analysis as that to be employed in federal court." *Werts,* 228 F.3d at 192 (quoting *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997), *cert. denied,* 532 U.S. 919 (2001)). Fair presentation also requires the petitioner to utilize a state procedural vehicle that affords the state courts the opportunity to consider his claims on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

If a claim has not been fairly presented to the state courts, but state procedural rules preclude a petitioner from seeking further relief in the state courts, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Id.* Federal courts may not consider the merits of procedurally faulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lines,* 208 F.3d at 160.

In order to demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner may establish cause, for example, by showing that the factual or legal basis for a claim was not reasonably available or that government officials interfered in a manner that made compliance impracticable. *Werts,* 228 F.3d at 193. Additionally, ineffective assistance of counsel constitutes cause, but only if it is an independent constitutional violation. *See Coleman,* 501 U.S. at 755. A petitioner must also establish actual prejudice, which requires him to show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray,* 477 U.S. at 494.

*3 Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). The miscarriage of justice exception applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). To establish a miscarriage of justice, a petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 326 (1995); *Werts,* 228 F.3d at 193.

III. DISCUSSION

In his amended petition, Mundy articulates the following claims for relief:
(1) The prosecutor engaged in misconduct in his closing rebuttal by referencing specific counts of the indictment to specific locations not set forth in the indictment.
(2) The state courts violated his constitutional rights by refusing his requests for trial transcripts.

(D.I.2, 6.) In their answer, the respondents contend that Mundy has never presented his claim of prosecutorial misconduct as a federal claim to any state court, and that state procedural rules now preclude him from doing so. For this reason, they ask the court to find Mundy's claim of prosecutorial misconduct procedurally barred from federal habeas review. The respondents neglect to address Mundy's claim respecting the denial of his requests for transcripts. The court addresses Mundy's claims in turn.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A. Prosecutorial Misconduct

In his petition, Mundy claims that the prosecutor engaged in misconduct in his closing rebuttal by improperly referencing specific counts of the indictment to specific locations. Although it is not entirely clear, it appears that Mundy alleges that the prosecutor improperly identified the two separate attacks by location when the indictment itself did not set forth any specific location of either attack. The respondents contend that Mundy raised this claim on direct appeal purely as a state law claim, not as a federal claim. They argue that to the extent Mundy now seeks to raise a federal claim, it is procedurally barred for failure to present it on direct appeal.

From Mundy's submissions, it is difficult to discern whether this claim rests solely on state law, or whether it asserts a violation of Mundy's constitutional right to due process. A very liberal reading of this claim suggests that Mundy attempts to allege violations of both state and federal law.

To the extent that this claim rests on state law, it is not cognizable in this habeas proceeding. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties *of the United States.*" 28 U.S.C. § 2254(a)(emphasis added). Claims based on errors of state law are not cognizable on federal habeas review. *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Riley v. Harris,* 277 F.3d 261, 310 n. 8 (3d Cir.2001). Thus, to the extent that Mundy alleges a violation of state law, the court concludes that this claim is not cognizable in this proceeding.

*4 To the extent that Mundy alleges that the prosecutor's statements violated his federal constitutional right to due process, the court must first determine whether this claim was fairly presented as a federal claim to the state courts. According to the United States Supreme Court, a federal due process claim has not been fairly presented unless the state court has been "alerted to the fact that the prisoner[ ][is] asserting claims under the United States Constitution." *Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). Referring to broad concepts such as "due process" and "a fair trial" is insufficient to alert a state court that a petitioner is raising federal constitutional claims. *Gray v. Netherland,* 518 U.S. 152, 163 (1996); *Keller v. Larkins,* 251 F.3d 408, 415 (3d Cir.), *cert. denied,* 122 S.Ct. 396 (2001).

The court has reviewed Mundy's briefs submitted to the Delaware Supreme Court on direct appeal. The court is unable to locate a single reference to any federal constitutional provision or other federal law, or a single citation to a case interpreting any federal constitutional provision. Rather, Mundy's argument on direct appeal relies solely on cases from the Delaware courts interpreting state law. Particularly significant is the absence of any reference to the standard enunciated by the United States Supreme Court in *Donnelly v. DeChristoforo,* 416 U.S. 637 (1974), for assessing constitutional challenges to a prosecutor's remarks. According to *Donnelly,* a prosecutor's remarks violate the Constitution only when they "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process," when examined in light of the entire trial. *Id.* at 643. Mundy's briefs are devoid of any references to the *Donnelly* standard. For these reasons, the court cannot conclude that Mundy fairly presented a federal due process claim to the Delaware Supreme Court.

Because Mundy did not present a federal claim to the Delaware Supreme Court, the court must determine whether state procedural rules now preclude him from seeking relief in the state courts on his federal due process claim. If so, his claim is procedurally defaulted, and the court may not consider its merits unless Mundy demonstrates either cause and prejudice, or a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160.

The respondents argue that Mundy's federal claim is procedurally barred because he failed to raise it on direct appeal. Pursuant to Rule 61(i)(3):
Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows
(A) Cause for relief from the procedural default and
(B) Prejudice from violation of the movant's rights.

Super. Ct. R.Crim. P. 61(i)(3). Under this rule, failure to raise an issue on direct appeal generally renders a claim procedurally defaulted absent a showing of cause and prejudice. *Bialach v. State,* 773 A.2d 383, 386 (Del.2001). Here, Mundy did not raise a federal due process claim on direct appeal, nor has he explained why he did not. Accordingly, state court review of his federal due process claim is procedurally barred.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-00003-SLR    Document 12    Filed 05/05/2006    Page 14 of 16

Not Reported in F.Supp.2d                                                                                                 Page 4
Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*5 The remaining question as to this claim is whether the court can excuse Mundy's procedural default. His explanation for failure to exhaust his claims is that the Superior Court refused his requests for transcripts. Mundy's procedural default, however, is the failure to raise a federal claim on direct appeal. On direct appeal, Mundy's attorney submitted copies of portions of the transcript and cited to the transcripts in his briefs. Plainly, the lack of transcripts did not prevent Mundy from fairly presenting a federal claim to the Delaware Supreme Court.

In short, the court finds that Mundy failed to present his federal due process claim to the Delaware Supreme Court on direct appeal, and that state court review of this claim is clearly foreclosed. Mundy has also failed to articulate any reason permitting the court to excuse his procedural default. Therefore, his federal due process claim based on the prosecutor's remarks is procedurally barred from federal habeas review. [FN1]

> FN1. Even if the court could conclude that Mundy fairly presented his federal due process claim to the Delaware Supreme Court on direct appeal, this claim lacks merit. Under *Donnelly,* a prosecutor's remarks violate a criminal defendant's constitutional right to due process only when those remarks "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process," when examined in light of the entire trial. *Donnelly,* 416 U.S. at 643. Here, Mundy challenges the prosecutor's reference in his closing rebuttal to the specific locations of the two attacks on the ground that those locations were not set forth in the indictment. The court is unable to fathom, nor has Mundy explained, how these isolated, brief, and apparently innocuous remarks could have infected Mundy's trial with such unfairness as to invalidate his conviction.

B. Denial of Requests for Transcripts

In an amendment to his petition, Mundy alleges that the state courts violated his constitutional rights by denying his requests for transcripts. As described above, the Superior Court twice denied Mundy's requests for transcripts. The respondents have neglected to respond to this claim.

The court's independent examination of the record reveals that Mundy has failed to fairly present this claim to the Delaware Supreme Court. While it is true that Mundy attempted to present this claim on appeal from the first order denying his request for transcripts, the Delaware Supreme Court dismissed the appeal for lack of jurisdiction. The Delaware Supreme Court explained that it had no jurisdiction over such interlocutory appeals in criminal matters. *Mundy,* 2000 WL 97511 at * * 1. Because Mundy selected the incorrect procedural vehicle to present this claim, he did not fairly present it to the Delaware Supreme Court. *See Castille,* 489 U.S. at 351. Additionally, Mundy did not present this claim to the Delaware Supreme Court on appeal from the denial of postconviction relief. The court thus concludes that Mundy has never fairly presented this claim to the Delaware Supreme Court.

The court must next determine whether this claim is now procedurally barred from further state court review. Pursuant to Rule 61(i)(4):
Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(i)(4). Reconsideration is warranted in the interest of justice where "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish the accused." *Cruz v. State,* No. 446, 1995, 1996 WL 21060 (Del. Jan. 10, 1996) (quoting *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)).

*6 In the matter at hand, Mundy twice requested trial transcripts from the Superior Court. The second request was raised in the context of Mundy's postconviction proceedings. Both requests were denied, thus rendering this claim formerly adjudicated by the Superior Court. The record reveals no subsequent legal developments suggesting that the Superior Court lacked the authority to convict or sentence Mundy. The court thus concludes that further state court review of this claim is clearly foreclosed by Rule 61(i)(4).

Because Mundy's claim based on the denial of transcripts is procedurally defaulted, the court must determine whether his procedural default may be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-00003-SLR   Document 12   Filed 05/05/2006   Page 15 of 16

Not Reported in F.Supp.2d                                                                                        Page 5
Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

excused. Mundy could have presented this claim to the Delaware Supreme Court in his postconviction appeal. *See Browne v. State,* No. 492, 1991, 1992 WL 21146 (Del. Jan. 21, 1992). He offers absolutely no explanation for his failure to do so. The court can discern no reason to excuse his default.

In short, Mundy failed to fairly present his claim based on the denial of trial transcripts to the Delaware Supreme Court. This claim is now procedurally barred. The court is unable to conclude that this procedural default should be excused. Federal habeas review of this claim, therefore, is unavailable.

### C. Request for Production of Documents

On March 10, 2000, Mundy filed a document asking the court to order the production of certain documents, including trial transcripts and briefs he submitted to the state courts. (D.I.9.) In federal habeas proceedings, discovery is not permitted unless "the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rule 6(a) of Rules Governing Section 2254 Cases in the United States District Courts. After examining the record in this matter, the court has concluded that federal habeas relief as to Mundy's claims is unavailable. Thus, good cause to grant Mundy's request is lacking. Accordingly, the court will deny Mundy's request to order the production of documents.

### IV. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the court has concluded that Mundy's claims are procedurally barred from federal habeas review. The court is persuaded that reasonable jurists would not find its conclusions debatable or wrong. Mundy has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### V. CONCLUSION

*7 For the foregoing reasons, IT IS HEREBY ORDERED THAT:
1. Michael McKinley Mundy's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2, 6) is DENIED.
2. Mundy's request for the production of documents (D.I.9) is DENIED.
3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2002.
Mundy v. Snyder
Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00069 (Docket) (Feb. 03, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on May 5, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

>   Nathan L. Guinn
>   SBI No. 280879
>   Delaware Correctional Center
>   1181 Paddock Road
>   Smyrna, DE 19977

>   /s/Elizabeth R. McFarlan
>   Deputy Attorney General
>   Department of Justice
>   820 N. French Street
>   Wilmington, DE 19801
>   (302) 577-8500
>   Del. Bar. ID No. 3759
>   elizabeth.mcfarlan@state.de.us