IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

[ORIGINAL stamp]

NATHAN L. GUINN
Plaintiff

v.

Warden Thomas A. Carroll
Defendant

Civ. Act. No. 06-3-SLR

[FILED JUN 12 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE stamp]

Rebuttal Arguments in Support of Petition Under 28 U.S.C § 2254 For Writ of Habeas Corpus by a Person in State Custody

  The contentions being debated in the case at hand are clearly erroneous as illustrated in my habeas petition. To base a denial decision on legal formalities unknown to a pro-se applicant is unreasonably. Especially unfair when the chances of a indigent petitioner being assisted, legally, are so minute. With that being said your Honor, I will attempt to present my rebuttal arguments to the the Court, at the best of my ability. My constitutional rights have been violated in this case and I will attempt to prove it.

  In the first ground of ineffective assitance of counsel claimed in my petition, the defendants claimed the plaintiff's only witness was without guilt, despite the fact that he signed several notarized affidavits claiming ownership of the cocaine I unknowingly had in my possession. I understand the fact that he changed his story before my first trial, but does this change the fact the he not only confessed, but also said he only changed this confession due to the fear of self-incrimination. Why does this legally exclude me from being able to call this same witness in my second trial? I do understand that this testimony would be questioned, but none the less, it was my legal right to have my witness supeona'd. Ms. Dean's refusal to contact an alibi witness was not only unresponsible, but violated my constitutional right to present a witness at trial. Ms. Dean did have access to the defense file, but not a right to disregard her obligation of a personal

(1)

investigation of the facts of my case, including at least giving my alibi witness at least a phone call, that's the law.

In ground two, I argued that Ms. Dean was ineffective when she failed to seek a continuance when one of the arresting officers, in fact, the arresting Officer, Paul Kuntzi, failed to be present at my suppression hearing to testify. I have presented clear, conclusive evidence in the form of actual testimony to prove the fact that I was asked questions, while in custody, by Officer Kuntzi. (A-7 through A-10) Whether it was formal questioning or an interview, is not my argument. The fact that an un-Mirandized statement was used against me in trial was unconstitutional, especially when the statement was not voluntarily given. The only facts at hand are that I was asked questions, in custody, I responded, in custody and was never given miranda warning. Yet, my statements were still used in trial. The fact that the key witness did not show up should have warranted my attorney to seek his attendance, in the interest of justice, right?

Ground three was not presently raised on direct appeal, due to my counsel's ineffective performance. The fact of the matter was, I asked that the issue be pursued on direct appeal, but was told to make a supplemental brief. I had no idea what that meant. I do understand that this is not a great excuse, but it is the truth!

In my final ground, I argued that the court abused its discretion by admitting into evidence, the cocaine, that had been found in a police conference room, three days after being removed from the evidence locker. I want to begin by stating that in cases involving narcotics that the chain of custody is in most cases complete once it goes from the medical examiner's office, back to the evidence locker at the police station. But, in my case the evidence was removed from the evidence locker three days before trial, for examination, and was not returned. Three days later, it was found rolled up in a pamphlet under a stack of papers. There is no way to prove that this evidence was not tampered with or not even the actual cocaine removed from my pocket. In the attached testimony of the medical examiner, (Mrs. Tengonciang) B-1 through B-5 the cocaine, alleged by the arresting Officers to have been riddled with colored camoflauged black ink, was said to be finger-print powder, in the medical examiner's professional opinion. The first question is if the Officer's noticed black substances in the cocaine, why didn't they note this in their initial reports? Then my second question would be of how I would have been able to get

(2)

finger print powder. Even if this goes un answered, the jury was never given the opportunity to way the argument, because they were instructed illegally by the prosecutor, (B-6 through B-16) Dennis Kelleher, when he told the jury that even if the evidence presented at trial was false, that I could still be convicted, How so? Your Honor, the jury was never instruted to disregard this fictieious claim. This is why my claim should at least be considered, in the interest of justice.

## CONCLUSION

For the reasons cited in the foregoing petition, the conviction must be reversed

Nathan Guinn, Pro-se
Department of Corrections
1181 Paddock Road
Smyrna, DE 19977
SBI #280879

June 8, 2006

(3)